SILVER et al. v. TECOTSKY et al.

(Supreme Court, Appellate Term.   May 4, 1911.)

CONTRACTS (§ 183*)—JOINT OR SEVERAL CONTRACT—OBLIGATION.

Plaintiff, being a tenant in common with the two defendants of incumbered land, and authorized to collect rents and pay taxes and assessments, was notified by the mortgagee to pay taxes and water charges, and he called a meeting of the parties to induce them to pay a share of the sum necessary to pay the same. Each of the two defendants, in the discussion at the meeting, used the words, "We will pay our share," and "I will pay my share." Plaintiff testified that he understood that one of the

defendants promised that each of the defendants would pay his proportionate share, and he subsequently asked each one for his proportionate share. *Held*, that a judgment holding defendants jointly liable was not sustainable.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 780–788; Dec. Dig. § 183.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Gabriel Silver and another against Samuel Tecotsky and another. From a judgment of the Municipal Court for plaintiffs, defendants appeal. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Williams & Ruskay (Louis B. Williams, of counsel), for appellants.
Bernard Edelhertz (Louis Lande, of counsel), for respondents.

LEHMAN, J. The parties to this action are tenants in common of certain property situated in the borough of the Bronx; the plaintiff Hindes being the owner of an undivided two-fifths interest, and each of the other parties the owner of an undivided one-fifth interest therein. At the time the property was purchased, it was agreed that Hindes should collect all the rents and pay all the disbursements, taxes, and assessments. In April, 1910, Hindes was notified by the mortgagee of the property that, unless the taxes and water charges were paid, the mortgage would be foreclosed. At that time the rents in Hindes' hands were insufficient to pay these charges. Hindes, therefore, called a meeting at the office of his attorney, where he informed the parties that more than $1,200 additional was necessary to meet these charges. Some discussion then took place, in which the defendants both stated that they did not have any money at that time to pay their share of this deficiency; but, according to the testimony of Hindes and his attorney, both the defendants agreed that the plaintiffs should advance the necessary amount, and that they would pay their proportion of the amount of money expended, in addition to that which was then in Hindes' possession. The defendants deny that they ever authorized the plaintiffs to make such payment, or agreed to repay any money expended to protect the property. The trial justice, however, resolved any conflict of testimony in favor of the plaintiffs, and we must accept upon this appeal the testimony of the plaintiff and his corroborating witness as true.

It seems to me, however, that this testimony is insufficient as a basis for a joint judgment against the defendants. Apparently each of the two defendants, in the discussion, at times used the words, "We will pay our share," and at other times, "I will pay my share." While the use of the word "we" certainly raises the presumption that they intended to enter into a joint obligation, it seems to me that this presumption is entirely rebutted by the circumstances of this case. It is conceded that the meeting was called in order to induce the defendants to pay their proportionate shares; that they were never requested to enter into a joint obligation, and apparently neither Hindes nor the

defendants at that time considered that the defendants had made a joint promise. Hindes testified that he understood the defendant Stuetz to promise that each of them would pay his proportionate share, and that thereafter he asked each one only for his proportionate share. Under such circumstances, a judgment which holds them jointly liable for the whole amount cannot be sustained.

Judgment should be reversed, and a new trial granted, without costs to either party upon this appeal. All concur.